# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**JOSE BRUNO MERLE MERLE**<br>**SOCORRO CINTRON BAERGA**<br><br><br>**Debtor(s)** | **CASE NO. 11-07557**<br>**Chapter 11**<br><br><br>**Adversary No. 11-00253** |
| **JOSE BRUNO MERLE MERLE**<br>**SOCORRO CINTRON BAERGA**<br><br>**Plaintiff**<br>**vs.**<br><br>**MARCELINO CINTRON RIVERA**<br>**CARMEN G PONTON GUZMAN**<br>**HECTOR JUAN RIVERA GONZALEZ**<br>**JANE DOE**<br>**COMMONWEALTH OF PUERTO RICO**<br><br>**Defendants** | **FILED & ENTERED ON 08/07/2013** |

## OPINION AND ORDER

Before this court is Plaintiffs' Motion for Partial Summary Judgment and its accompanying

Statement of Uncontested Facts with English Translations [Dkt. No. 55, 56, 71], Co-Defendant

Hector Juan Rivera Gonzalez's Opposition to Plaintiff's Motion for Summary Judgment [Dkt. 69],

Defendants' Opposition to Plaintiff's Motion for Summary Judgment [Dkt. 72]; Plaintiffs' Brief in

Support of Motion of Partial Summary Judgment [Dkt. No. 87]; Co-Defendants' Brief in Opposition

To Plaintiffs' Motion for Partial Summary Judgment [Dkt. No. 90]; Co-Defendant Hector Juan Rivera Gonzalez's Brief and Opposition Motion For Partial Summary Judgment [Dkt. No. 92]; and Plaintiffs' Reply to Defendant's Brief [Dkt. No. 94]. For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is DENIED.

**I.       Factual Background**

Debtors/Plaintiffs Jose Bruno Merle Merle ("Merle") and Socorro Cintron Baerga ("Baerga"), filed a voluntary chapter 13 bankruptcy petition on September 1, 2011. Pursuant to Schedule A of Plaintiffs' bankruptcy proceeding, Plaintiffs listed 38 acres of land located at Barrio Jacaboa Patillas  ("Patillas Property") valued at $114,000.00. Debtor acquired the Patillas Property on October 8, 2009. At the time of purchase, the deed specified that Merle has an undivided hereditary interest in the property of 27.08%. With the execution of the purchase deed, Plaintiffs purchased the other 72.92% of the property at the value of $65,634.00.  Defendant Marcelino Cintron Rivera ("Rivera") filed a proof of claim ("POC No. 2-1") for a general unsecured amount of $65,600.00. This Court confirmed Plaintiffs' chapter 13 plan on March 7, 2012. On April 2, 2012, Rivera filed a Motion for Relief of Automatic Stay stating that the property at issue was not property of the estate. Rivera points out that the sale was executed with the signature of an affidavit signed by Plaintiffs. However, such affidavit was executed on October 1, 2009, at least two years before Plaintiffs acquired such property on October 8, 2011. Plaintiffs dispute both that they did not sign the affidavit at issue and that the affidavit does not constitute a purchase and sale of the property because it does not contain the description, size, and location of the property. On November 28, 2011, Plaintiffs filed an adversary proceeding against Defendants Rivera, Hector Juan Rivera Gonzalez

2

("Gonzalez"), Carmen G. Ponton Guzman ("Guzman"), and the Commonwealth of Puerto Rico ("Commonwealth").  Plaintiffs filed a Motion Requesting Stay of the Proceeding due to Bankruptcy Filing in the Patillas Superior Court on September 8, 2011. On that same day, Plaintiffs served a copy of such motion on Rivera. On September 14, 2011, this Court issued another notice to all creditors and parties listed in Plaintiffs' schedules. On October 7, 2011, Debtor's attorney called Rivera notify her of this instant bankruptcy case. On October 18, 2011, Plaintiffs filed a Second Motion for Stay of the Proceedings with the Patillas Superior Court. Subsequently, on November 9, 2011, Plaintiff Merle appeared at a hearing in front of the Patillas Superior Court and informed Defendants that he had filed for bankruptcy. Regardless, this Court recognizes that the question of whether Defendants have violated the automatic stay hinges on whether the Patillas property falls within Plaintiffs' property of estate. Accordingly, on December 20, 2012, this Court held in abeyance the parties' motions for summary judgment and oppositions to such motions. On that same date, this Court ordered that the parties were to have thirty (30) days to file briefs on the controversies concerning the real estate in question and whether the same constitutes property of estate. Plaintiffs' Motion for Summary Judgment and Defendants' Opposition followed.

**II.  Legal Analysis and Discussion**

**A.  Summary Judgment Standard**

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Fed.R.Civ.P., Rule 56(c), made applicable in bankruptcy by Fed.R.Bankr.P., Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

In the summary judgment motion presently before the court, Plaintiffs argue that there are no

4

genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. Plaintiffs argue that the Defendants, despite several notices, violated the automatic stay. Moreover, because Rivera had actual knowledge of this instant bankruptcy filing and thus the effects of the automatic stay, their insistence on the continuance of the Patillas Superior Court action constitutes a willful violation of the automatic stay. Plaintiffs further point out that although Rivera acted through his counsel, under the agency theory, his counsel is only an agent and thus he is liable as a principal when his agent violated such automatic stay. Plaintiffs also argue that because Rivera's counsel, Emily Darice Davila Rivera ("Davila-Rivera") carried out Rivera's willful violation of the automatic stay, as the counsel, she should also be liable for such violation. Plaintiff allege that the Commonwealth is in violation of the automatic stay as a Co-Defendant when the Patillas Superior Court failed to stay Plaintiff's lawsuit. Plaintiff cited to this Court's entry of default against the Commonwealth for its failure to plead [Dkt. No. 30].  Summarily, Plaintiffs ask this Court to enter partial summary judgment in favor of the Plaintiffs that the named Defendants are liable for willful violations of the automatic stay and schedule a trial to consider awarding attorney fees and damages.

In opposition, Co-Defendants Rivera and Guzman argue that this instant summary judgment cannot be granted because of the following disputed issues: (1) Whether Defendants had knowledge of Debtor's bankruptcy filing;  (2) Whether Defendants had knowledge of the communications made by Debtors' bankruptcy attorney to their local court attorney Hector Juan Rivera González    ;  (3) Whether Defendants had knowledge of the motions filed by the Debtors in the PSC requesting the stay of the complaint; (4) Whether Defendants had knowledge of the actions taken by their attorney Hector Juan Rivera González , and the Patillas Superior Court; (5) Whether Plaintiffs suffered

5

damages as the result of the continuance of the local court action; and (6) Whether Defendants' complaint filed with the Patillas Superior Court requested, among other things, that Debtors sign a deed where they sold Defendants a lot of 38 cuerdas[1] of land located at Barrio Jacaboa for which Defendants paid Debtor the amount of $65,500.00. Defendants argue that because the issues above are still to be determined in order to adequately answer the question whether the Defendants' conduct constitutes a willful violation of the automatic stay, this summary judgment motion should be denied.

In response, Plaintiffs argue that the Defendants did not file a response to Plaintiff's statement of facts and thus Plaintiffs' motion for summary judgment should be deemed unopposed. Plaintiffs further use their Reply as a brief in compliance with this Court's December 20, 2012 order to brief this Court on the controversies concerning the real estate in question and if the same constitutes property of the estate. In regards to this brief, Plaintiffs make the following points:

(1) Plaintiffs are the registered owners of the Patillas Property and thus such property is part of the bankruptcy estate pursuant to the presumption as stated by Article 104 of the Puerto Rico Mortgage and Property Register Act, 30 L.P.R.A. §2354. Plaintiff further points out that Article 104 requires that a party challenging the property registry will need to file a suit in court for correction, annulment or cancellation of the corresponding registration. Therefore, in this instant case, Defendants have the burden to demonstrate that the property is not part of the estate; accordingly, Defendants did not meet this burden because the affidavit cannot demonstrate that the Plaintiffs

---

[1] Cuerda is a measurement metric for land in the Commonwealth of Puerto Rico. One cuerda is equivalent to 0.971 acre of land.

6

transferred such property.

(2) Defendants' affidavit does not meet the validity requirements of a purchase and sale contract. Plaintiffs also argue that ownership can only be transferred with the concurrence of two elements, 1) a valid contract, and 2) a valid act of delivery of the property and that none of the two requirements have been met. Plaintiffs further contend that Article 1295 of the Puerto Rico Civil Code mandates that in order to transfer conjugal property, written consent from both spouses is required. Therefore, because only Mr. Merle signed such affidavit, pursuant to Article 91 of the Puerto Rico Civil Code, the affidavit will not have any enforceability to transfer such property. Plaintiffs also point out that the affidavit does not mention or describe the property allegedly sold as mandated by Article 91 of the Puerto Rico Civil Code and thus because of the lack of adequate description, the affidavit cannot be a valid sales contract.

(3) There was not valid delivery of the property. Plaintiffs contend that even assuming the affidavit was a valid and enforceable contract, such affidavit is still insufficient to transfer the property ownership. Plaintiffs point out that ownership transfers require not only a valid contract but also an actual or instrumental delivery of the property such as upon the execution of a public deed. In this instant case, because Defendants failed to present any evidence demonstrating otherwise of such delivery, the Patillas Property has to fall within Plaintiff's bankruptcy estate.

Defendants[2] in reply to the above, argue that:

(1) Plaintiffs entered into a contract entitled "Loan Contract" including the condition top

---

[2] Defendants filed two oppositions to Plaintiff's summary judgment motion [Dkt. No. 69, 72], for the purpose of judicial economy, this Court will address these arguments relevant to this instant case together.

7

purchase on July 3, 2009. Such contract states that upon Plaintiffs' receipt of $6,600.00 to be used towards the sales price of $65,534.00 with the remaining $59,340.00 to be paid within 90 days of July 6, 2009. If such condition was not fulfilled, Defendants could purchase the real property described in Spanish as "Parcela de Terreno: radicada en el Barrio Los Pollos Inscrita al folio 200 and 201 del Tomo 50 de Patillas, finca numero 3,418, numero de catastro 422-000-003-37-998 Patillas, Puerto Rico or recover the sum of $6,600.00 from Plaintiffs' at the sale of the property.

(2) Plaintiffs were unable to obtain the remaining sum of $59,034.00 within the specific term, therefore, Plaintiffs elected to sell the Patillas Property and requested Rivera to pay $59,000.00 to the Plaintiffs upon the delivery of the real estate within three (3) days through a written deed. Defendants argue that Rivera paid Merle a check for the additional $59,000.00. However, Debtor never executed a written deed after such transaction even though a draft of such written deed was formulated by a Notary-Public.

(3) Plaintiff Merle purchased the Patillas Property with the funds acquired through the creditors upon the execution of the sales deed dated October 8, 2009. Gonzalez argues that such execution of sales deed was invalid because Merle's wife was not on the sales deed while married as mandated by 31 L.P.R.A. §§1295-1301.

(4) Defendants filed a civil suit against the Plaintiffs in the Patillas Superior Court assigned case number G3C1201100060, in order to recover under such fraudulent transfer as stated above. However, shortly after, on September 1, 2011, Plaintiffs filed a chapter 13 bankruptcy petition in bad faith with the only purchase to stay the state civil suit and to avoid executing the deed of sale-purchase.

(5) Plaintiffs cannot keep the property because such property sale was perfected when both parties agreed upon the object and the price. Pursuant to 31 L.P.R.A. §3741, a sales-purchase contract was perfected and that both parties need to fulfill reciprocal obligations to complete the sale and transfer of such property. Therefore, Debtors are to transfer title to Defendants by October 4, 2009 in accordance with 31 L.P.R.A. §1223.

(6) Defendants are entitled to the increase in property value since the perfection of the sale as stated above. The perfection date is the date when both parties consented to such sale.

(7) Plaintiffs' pre-petition and post-petition conduct in filing schedules contains false and misleading information. Plaintiffs' failed to disclose the sale-purchase contract regarding the sale of their property.

Accordingly, Defendants argue that the Patillas property cannot be considered property of the estate because Plaintiffs do not have legal title of the property for the reason that Merle's wife did not consent to the transfer of the property while Merle was married.

In response to the above, Plaintiffs argue that (1) Defendants' exhibits should be stricken for the record because they are in Spanish violating LBR 1001-(b); (2) Defendants' factual allegations cannot be considered as a response to Plaintiffs' Motion for Summary Judgment as required by Fed.R.Bankr.P. 7056; (3) Plaintiffs did not need both spouses to acquire property but only to transfer property and thus Defendants' argument is flawed.

After reviewing the parties' arguments, and the relevant law, this Court finds that without having to delve into the merits of the parties' arguments, the Defendants have adequately carried their burden of showing that issues worthy of trial still persist. The question of whether Defendants

9

have violated the automatic stay hinges on whether the Patillas property falls within Plaintiffs' property of estate. Therefore, this Court shall begin its analysis here.

In the instant case, Defendants established that there is at least contradicting evidence worthy of a trial whether the Patillas Property belongs to the Plaintiffs and accordingly would fall into Plaintiffs' bankruptcy estate. This Court finds that the best venue to determine the ownership as to the Patillas Property is the Commonwealth Superior Court, and therefore, *sua sponte* finds cause to lift the automatic stay to permit the State Court Actions to proceed. The authority that this Court draws from is well settled amongst the courts in many of our sister Circuits. See e.g., In re Bellucci, 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990) ("The second sentence of section 105(a) is a rule of construction that, when applied to section 362(d), compels the conclusion that a bankruptcy court can lift the automatic stay *sua sponte*. The revision of the statute in 1986 effectively overruled prior decisions prohibiting a court from acting *sua sponte* when the statute authorized a party in interest to raise an issue."); McDowell v. Stein, 415 B.R. 584 (S.D. Fla. 2009) (A bankruptcy court could lift automatic stay *sua sponte* in order to permit appeals in state-court action against debtor to proceed.).

This Court considers the factors for cause in order to lift the automatic stay *sua sponte*. In determining whether the stay should be modified or terminated for cause, courts in the First Circuit and other Circuits either (1) analyze the twelve factors enumerated by the Second Circuit in *Sonnax*; or (2) engage in fact-intensive inquiries that appear to be outlining *Sonnax* factors, aiming to maintain the prepetition *status quo ante* between the parties. In Re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2nd Cir.1990); See e.g., C & A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth., 369 B.R. 87, 94-95 (D.P.R. 2007); In re Burger Boys, Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994); In re Bison

10

Res., Inc., 230 B.R. 611, 613 (Bankr.N.D.Okla.1999); In re Odd's–N'End's, Inc., 171 B.R. 10, 11 (Bankr.W.D.N.Y.1994). However, some courts utilize a hybrid approach, combining these two above methods of analysis. See, e.g., In re Brown, 311 B.R. 409, 412–13 ("[a] court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties [in applying the *Sonnax* factors]") (internal citations omitted). Regardless, the Sonnax factors consist of the following: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. Sonnax, 907 F.2d at 1286.

Accordingly, this Court shall determine whether to lift the automatic stay to permit state court litigation to proceed and the order implementing the Summary Judgment Opinion to be entered, which will likely (1) determine both parties' rights and obligations under the Patillas Property Contract, including whether Plaintiffs fraudulently obtained such property with Defendants' funds; (2) determine whether Plaintiffs intended to execute a Patillas Property Contract in light of Plaintiff's

11

financial circumstances; and (3) determine whether parties' contract adequately states the Patillas Property Sales option in the event of Plaintiffs not fulfilling certain conditions to adequately acquire 100% of the Patillas Property.

In applying the *Sonnax* factors, bankruptcy courts have also lifted the stay on the ground that state courts are the appropriate forum to decide claims involving possible fraud. See e.g., In re Bison Res., Inc., 230 B.R. 611, 613 (Bankr. N.D. Okla. 1999) (state court is the appropriate forum to litigate lease fraud); see also In Burger Boys, 183 B.R. at 684. Accordingly, in this instant case, after applying the *Sonnax* factors, this Court deems that justice would be best served by having the parties litigate in the pending civil action in the Patillas Superior Court. This Court finds that so doing would not only adequately resolve this instant issue in regards to the ownership of the Patillas Property at hand, but would also advance jurisdictional independence, judicial economy, equitability and the twin goals of the bankruptcy code of benefitting both parties. In exercising a fact intensive inquiry similar to the Sonnax analysis with specific focuses on judicial economy and efficiency, this Court reaches the same conclusion of lifting the automatic stay to permit the state action to proceed. Therefore, the adversary proceeding is dismissed without prejudice. Upon a ruling by the state court if there remain any bankruptcy law issues to be decided in front of this Court, the Plaintiffs may move the court accordingly.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment shall be, and it hereby is, DENIED. The automatic stay is hereby MODIFIED for the purpose of continuing the state court proceeding as set forth herein. Clerk to enter judgment dismissing this adversary proceeding forthwith.

In San Juan, Puerto Rico this 7th day of August, 2013.


Brian K. Tester
U.S. Bankruptcy Judge

13